FANNY OEHLER AND WILLIAM OEHLER, PLAINTIFFS-APPELLANTS, v. L. BAMBERGER & COMPANY, DEFEND-ANT-APPELLEE.

Decided November 24, 1926.

**Torts—Alleged Injury to Plaintiff by Defendant's Agent Who Unjustly Annoyed Plaintiff, Which Annoyance She Claims Resulted in an Attack of Apoplexy—Held, That Case is Not Within the Rule Which Limits the Liability of the Tort-Feasor to Such Damages as May be Anticipated as the Natural and Proximate Consequence of the Tort.**

On appeal from the Essex Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiffs-appellants, *George A. Henderson.*

For the defendant-appellee, *Schneider & Schneider.*

PER CURIAM.

The trial court directed a nonsuit upon the following facts: A salesman of the defendant company visited the residence of the plaintiff for the purpose of selling to Mrs. Oehler a vacuum cleaner. She refused to purchase it, but he left it with her and promised to return and take it away. Some four or five months later he returned and instead of removing it, demanded payment for it, which Mrs. Oehler refused. The agent, in his persistence, threatened her arrest if she did not pay the purchase price. In this situation Mrs. Oehler became so frightened that she was stricken with an attack of apoplexy, which she alleges was the direct and proximate result of the agent's conduct, and for that personal injury she, with her husband, brought this suit to recover damages from the agent's principal.

We think the ruling of the trial court was legally correct. The physical ailment which may have resulted from mental

worry in such situation is not comprehended within the settled rule of damages which limits the liability of a tort-feasor to such damages as may be anticipated as the natural and proximate consequence of the tort. A threat of the character alleged, where the tort-feasor is not in possession of knowledge which would lead him to reasonably anticipate that the person involved is other than normal, cannot be made the basis for abnormal damages such as are alleged here. *Justesen* v. *Pennsylvania Railroad Co.*, 92 *N. J. L.* 257.

The judgment appealed from will therefore be affirmed.